# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK CONRAD** *and* **ANTHONY DOBLOVASKY,** | : | |
| | : | |
| Plaintiffs | : | **No. 1:25-CV-0669** |
| | : | |
| **v.** | : | **Judge Kane** |
| | : | |
| **Pennsylvania State Police** *and* **Kreg Rodrigues,** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/14/25* |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Pennsylvania State Police and Kreg Rodrigues, through counsel, hereby file this Answer and Affirmative Defenses to the Amended Complaint (Doc. 10.), and aver as follows:

## INTRODUCTION[1]

1.     DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

## PARTIES

2.     ADMITTED.

3.     ADMITTED.

4.     ADMITTED.

---

[1] Defendants utilize the organizational headings and paragraph numeration used by Plaintiff within the Amended Complaint for the ease and convenience of the reader. Defendants do not admit any factual averments contained therein.

5. ADMITTED.

6. ADMITTED.

## JURISDICTION AND VENUE

7. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

8. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

## FACTUAL ALLEGATIONS

9. DENIED. This paragraph incorporates the preceding paragraphs to which no response is required; to the extent a response is required, DENIED.

10. ADMITTED in part and DENIED in part. It is ADMITTED that Conrad began employment with PSP in 2005. The characterizations of his work performance and evaluations are DENIED.

11. ADMITTED in part and DENIED in part. It is ADMITTED that Doblovasky began employment with PSP in 2005. The characterizations of his work performance and evaluations are DENIED.

12. ADMITTED.

13. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further

response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

14. ADMITTED.

15. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

16. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

17. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3"

based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

18. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

19. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

20. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

21. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

22. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

23. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

24. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these

paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

25. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

26. ADMITTED.

27. ADMITTED.

28. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

29. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

30. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

31. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

32. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

33. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these

paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

34. ADMITTED in part and DENIED in part. It is ADMITTED that Rodrigues was promoted to Major and was assigned as the Director of the Bureau of Emergency and Special Operations (BESO). It is DENIED that Rodrigues no longer commanded "Trooper 3". By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

35. ADMITTED.

36. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

37. DENIED.

38. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

39. DENIED.

40. DENIED.

41. DENIED.

42. DENIED.

43. DENIED.

44. DENIED.

45. DENIED.

46. DENIED.

47. DENIED.

48. DENIED.

49. DENIED.

50. ADMITTED in part and DENIED in part. It is ADMITTED that PSP utilizes canine units in its efforts to enforce drug related laws. The characterizations of those units in this paragraph are DENIED.

51. DENIED.

52. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

53. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

54. DENIED.

55. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

56. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further

response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

57. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

58. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

59. DENIED.

60. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

61. DENIED.

62. DENIED.

63. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

64. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further

response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

65. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

66. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED/

67. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

68. DENIED.

69. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

70. DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

71. This paragraph seems to reference a written "position description" which speaks for itself. No response is required.

72. DENIED.

73. DENIED.

74. DENIED.

75. ADMITTED in part and DENIED in part. It is ADMITTED that Defendant PSP conducts operations to combat the opioid epidemic. The remaining characterizations and averments in this paragraph are DENIED as stated.

76. ADMITTED in part and DENIED in part. It is ADMITTED that Defendant PSP conducts operations to combat the opioid epidemic. The remaining characterizations and averments in this paragraph are DENIED as stated.

77. DENIED.

78. DENIED.

79. DENIED.

80. DENIED.

81. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

82.	DENIED.

83.	DENIED.

84.	Upon information and belief, ADMITTED.

85.	Upon information and belief, ADMITTED.

86.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

87.	ADMITTED in part and DENIED in part. It is ADMITTED that following the end of the calendar year, Plaintiff's no longer had excessive overtime hours. It is DENIED that this was a "pretextual excuse."

88.	DENIED. By way of further response, Rodrigues did not impose or rescind any restrictions on the Plaintiffs.

89.	DENIED.

90.	DENIED.

91.	DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

92.    DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

93.    DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

94.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

## COUNT I

### *Plaintiffs v. Rodrigues*
### 42 U.S.C. §1983
### First Amendment Retaliation – Political Association and Speech

95.    DENIED. This paragraph incorporates the preceding paragraphs to which no response is required; to the extent a response is required, DENIED.

96.    ADMITTED.

97.     DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

98.     DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

99.     DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED. By way of further response, the Defendants are unable to identify the unnamed "Trooper 3" based on the allegations of the Amended Complaint, and thus, cannot affirm or deny any of the factual averments related to "Trooper 3".

100.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

101.    DENIED. After reasonable investigation, Defendants are without information or knowledge as to verify the veracity of the factual averments within these paragraphs; as such, these paragraphs are DENIED.

102.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

103.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

104.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED

105.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

106.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

107.    DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

This WHEREFORE clause contains requests for relief to which no response is required; to the extent a response is required, DENIED.

## COUNT II

*Plaintiffs v. Rodrigues*
**42 U.S.C. §1983**
**First Amendment Retaliation – Union Activity and Petition Clause**

108.    DENIED. This paragraph incorporates the preceding paragraphs to which no response is required; to the extent a response is required, DENIED.

109.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

110.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

111.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

112.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

113.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

This WHEREFORE clause contains requests for relief to which no response is required; to the extent a response is required, DENIED.

## COUNT III

### First Amendment Retaliation
### Plaintiff's v. PSP

114.	DENIED. This paragraph incorporates the preceding paragraphs to which no response is required; to the extent a response is required, DENIED.

115.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

116.	DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

117.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

118.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

119.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

This WHEREFORE clause contains requests for relief to which no response is required; to the extent a response is required, DENIED.

## COUNT IV

### *Plaintiffs v. Rodrigues, in his individual and official capacity*

**Fourteenth Amendment Pre-Deprivation Procedural Due Process Violation Brought Pursuant 42 U.S.C. § 1983**

120.   DENIED. This paragraph incorporates the preceding paragraphs to which no response is required; to the extent a response is required, DENIED.

121.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

122.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

123.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

124. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

125. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

126. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

127. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

128. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

129. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

130. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

131. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

132. DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

This WHEREFORE clause contains requests for relief to which no response is required; to the extent a response is required, DENIED.

## COUNT V

### *Plaintiffs v. Rodrigues, in his individual and official capacity*

### Fourteenth Amendment Equal Protection Violation
### Brought Pursuant 42 U.S.C. § 1983

133.  DENIED. This paragraph incorporates the preceding paragraphs to which no response is required; to the extent a response is required, DENIED.

134.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

135.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

136.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

137.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

138.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

139.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

140.  DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

This is a WHEREFORE clause to which no response is required. To the extent a response is required, it is denied that the Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

This WHEREFORE clause contains requests for relief to which no response is required; to the extent a response is required, DENIED.

## JURY TRIAL DEMANDED

This paragraph contains a request for jury trial to which no response is required; to the extent a response is required, DENIED.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, Defendants assert the following Affirmative Defenses:

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs may have failed to exhaust available administrative remedies regarding their claims.

3. Defendants, as state employees, may be immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

4. Plaintiffs are not entitled to all of the damages they seek under the law.

5. Defendant PSP is not a person for the purposes of a § 1983 claim.

6. Plaintiffs were not engaged in a protected activity.

7. Plaintiffs did not suffer an adverse action.

8. There is no connection between an alleged protected activity and an adverse action.

9. Plaintiffs do not have a property interest in their overtime.

10. Plaintiffs' claims may be barred by a lack of personal involvement.

11. Plaintiffs' claims may be barred by the doctrines of estoppel, waiver, laches, and/or applicable statute of limitations.

12. Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

**Respectfully submitted,**

**DAVID W. SUNDAY, JR.**
**Attorney General**


**By:**  *s/ Andrew J. Wollaston*
**ANDREW J. WOLLASTON**
**Deputy Attorney General**
**Attorney ID PA 322861**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 480-1932**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**awollaston@attorneygeneral.gov**

**Date:  July 31, 2025**

**Counsel for Defendants Pennsylvania**
**State Police, Rodrigues**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK CONRAD** *and* **ANTHONY DOBLOVASKY,** | : | |
| Plaintiffs | : | **No. 1:25-CV-0669** |
| | : | |
| **v.** | : | **Judge Kane** |
| | : | |
| **Pennsylvania State Police** *and* **Kreg Rodrigues,** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 04/14/25* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Andrew J. Wollaston, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 31, 2025, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

## VIA ELECTRONIC FILING

**Gerald John Hanchulak, Esq.**
**Hanchulak Law Offices P.C.**
**345 Wyoming Avenue, Suite 205**
**Scranton, PA 18503**
ghanchulak@hanchulaklaw.com
*Counsel for Plaintiffs*

        *s/ Andrew J. Wollaston*
**ANDREW J. WOLLASTON**
Deputy Attorney General